United States District Court
Southern District of Texas
**ENTERED**
January 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOCUMENT OPERATIONS, LLC, § § Plaintiff, § § VS. § AOS LEGAL TECHNOLOGIES, INC., AOS § KOREA CORPORATION; AOS HOLDINGS; § LEGAL TECH INC; LEGAL TECH CO. LTD. § § Defendants. | CIVIL ACTION NO. 4:20-CV-1532 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Document Operations' Motion for Alternative/Substituted Service of Process on Defendants and Motion to Extend the Deadline for Service of Process. (Dkt. 48) Having carefully reviewed the motion, response, reply, all submissions, and the applicable law, the Court finds that the motions should be **DENIED** as moot with respect to Defendant AOS Legal Technologies, Inc. This defendant has already been timely served with process and must answer this suit. The motion is **DENIED** with respect to Defendants AOS Korea, AOS Holdings, Legal Tech Inc. and Legal Tech Co. Ltd. without prejudice to being refiled following further discovery regarding, among other things, the relationship between and country of incorporation of these defendants, the amount of control, if any, they assert over AOS Legal Technologies, Inc., and their involvement in the facts of this case. The motions are also **DENIED** without prejudice to Document Operations amending its complaint to join the parent company of the named defendants to this action and assert claims for alter ego.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the creation and licensing of a software program known as "Prpel" by Plaintiff Document Operations LLC ("Document Operations"). Document Operations has sued Defendant AOS Legal Technologies, Inc. and its alleged Japanese and Korean affiliates, Defendants LegalTech Inc., AOS Korea, AOS Holdings, and Legal Tech Co. Ltd., (collectively "Defendants") for violating the terms of their licensing agreements to market "Prpel" in Japan and Korea and for using Document Operations' confidential information to develop a competing program that Defendants are now selling in these markets. Among other relief, Document Operations seeks an injunction to prohibit Defendants' alleged misconduct. Based on the pleadings and arguments that have been made before the Court, in its complaint Document Operations has attempted to identify and join to this suit all potential entities, foreign and domestic, that may have been involved in this alleged misconduct.

The licensing agreements at issue were signed by Takamasa Sasaki ("Sasaki") as "President" of "AOS Legal Technologies, Inc." which represented itself in the agreement to be a Japanese limited liability corporation. (Dkt. 55-1 at pp. 2, 10) Prior to the hearing requesting injunctive relief held by the Court on June 18, 2020, Sasaki received via e-mail copies of all pleadings and notices regarding hearings and responsive pleadings deadlines that had been filed to date directly from Document Operations' counsel, Scott Newar ("Newar"). (Dkt. 48 at Ex. E; Dkt. 1-A, at paras. 32–36 and related exhibits) After Sasaki received these pleadings, attorney C. Mark Stratton ("Stratton") was hired to represent "AOS Legal Technologies, Inc., a Japanese LLC"

in this matter. (Dkt. 55-4 at 2:13–15) Stratton informed Newar of this representation and instructed Newar to "refrain from contacting [AOS Legal Technologies, Inc.] directly and [that his] client should also refrain from doing so. (Dkt. 48, at para. 10.)

Newar then sent Stratton Plaintiff's First Amended Complaint and Fed. R. Civ. P. 4 "Waiver of The Service of Summons" forms for all Defendants. (Dkt. 48-E at para. 4) On or about June 8, 2020 FedEx delivered these documents to Stratton. (Dkt. 48, at para. 11 and 48-E at para. 5) Stratton did not return an executed "Waiver of The Service of Summons" form for any defendant. (Dkt. 48-E at para. 6). Stratton informed Newar that, as a Japanese corporation, Stratton's client did not have to appear in this case until after it had been served with process pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention").

Prior to the June 18, 2020 hearing, Document Operations discovered an AOS Legal Technologies, Inc., a Delaware corporation ("AOS Delaware") with an office address listed as 45 Rockefeller Plaza, Suite 2035, New York, New York 10111. The corporate legal documents identified Sasaki as "Chief Executive Officer" of AOS Delaware and listed an address for him in New York. On June 18, 2020 Document Operations filed its pleadings notifying the Court that the defendant identified in the complaint as "AOS Legal Technologies, Inc.," was a domestic corporation, not a Japanese company. (Dkt. 15) On the same day, Document Operations sent the Texas Secretary of State a copy of Plaintiff's First Amended Complaint and a Fed. R. Civ. P. 4 Summons form to be served on AOS Delaware. at its New York office. (Dkt. 48-E

at para. 8) The Texas Secretary of State later certified that, on June 25, 2020, it transmitted those documents—via certified mail—to AOS Delaware. (Dkt. 67 at Ex. F)

On June 18, 2020, despite phone calls from the Court and plaintiff's counsel, Stratton declined to appear at the hearing for injunctive relief. (Dkt. 9; Transcript from June 18, 2020 hearing) Stratton also declined to talk to the Court on the telephone about this matter. (Dkt. 48, at para. 10) As a result, the Court was unable to question Stratton about among other things 1) why he claimed that service was required under the Hague Convention before his client could be required to appear in Court when Document Operations had provided the Court with evidence that his client was in fact a Delaware corporation not a Japanese corporation, 2) the relationship between defendants in this case, 3) the identity and place of incorporation of the defendant that he represented or 4) how the Hague Convention prevented him from talking to the Court by telephone to answer these questions.[1] At the hearing the Court issued an order granting injunctive relief in favor of Document Operations. (Dkt. 19)

On June 23, 2020—just five days after Document Operations filed its notification to the Court regarding AOS Delaware — AOS Delaware filed a "Certificate of Dissolution" with the Delaware Secretary of State and refused to sign for the documents contained in the certified mail from the Texas Secretary of State. (Dkt. 48 at Exs. F, G, and H) On July 2, 2020, AOS Delaware notified the State of New York that it was an "inactive" corporation in that state. (Dkt. 48 at Ex. B) On July 7, 2020, AOS Delaware

---

[1] Stratton did not appear before the Court on behalf of his client until July 8, 2020, after the Court has ordered injunctive relief in this case. (Dkt. 55-4 at 2:13–15))

notified the State of California that it had "surrendered" its active corporate status in that state. (Dkt. 48 at Ex. I)[2]

In this case, the parties are at loggerheads over the method to properly serve the complaint and summons on the named defendants in this case. In the pending motions, Document Operations argues that it has already perfected service in this case against Defendant "AOS Legal Technologies, Inc." by serving AOS Delaware and that, as a result "AOS Legal Technologies, Inc." has been properly noticed to this suit. It also argues that pursuant to the Texas law, and specifically the Texas Long Arm statute, it has also completed service on any Japanese company using that same name. (Dkt. 48 at pp. 11–12) In the alternative, Document Operations argues that if Document Operations has not perfected service on "AOS Legal Technologies, Inc." then the Court should order alternate means of service via e-mail to Sasaki and/or Stratton. (Dkt. 48 at p. 10).

At the heart of this dispute is the identity and place of incorporation of the defendant named "AOS Legal Technologies, Inc." The evidence developed in the record so far reflects that, at the time of the events at issue in this case, there were allegedly two entities that used the name "AOS Legal Technologies, Inc."—one a Japanese company (now calling itself Defendant LegalTech Japan)[3] and the other a Delaware company (AOS

---

[2] The record establishes that on May 22, 2003, AOS Delaware was incorporated in Delaware. (Dkt. 48 at Ex. A) On April 6, 2012, AOS Delaware represented to the State of New York that it was an active Delaware corporation. (Dkt. 48 at Ex. B) On February 5, 2020, AOS Delaware represented to the Delaware Secretary of State that it was a Delaware corporation. (Dkt. 48 at Ex. D)

[3] Defendant LegalTech Inc. "formerly known as AOS Legal Technologies, Inc" now identifies itself as "LegalTech Japan" in its pleadings to put "confusion to rest" regarding its identity and place of incorporation. (Dkt. 65 at p. 1, fn. 1). Stratton continues to represent this defendant.

Delaware). Both companies are alleged to be wholly owned by their parent company, AOS Technologies, Inc. a Japanese corporation. ("AOS Japan") (Dkt. 55-9 at paras. 3, 4, 10 and related exhibits) The corporate legal documents in the record reflect that Sasaki is in leadership positions in both of the wholly owned subsidiaries. He is listed as the "Chief Executive Officer" of the AOS Delaware and one of three "Directors" of LegalTech Japan.[4] (Dkt 15-2 at p. 1; Dkt. 55-7 at p. 4)

Defendant LegalTech Japan, now asserts that it is the Japanese company "formerly known as AOS Legal Technologies, Inc" that signed the licensing agreements at issue and that it is "clearly the defendant" in this case.[3] (Dkt. 55-4 at 4:2–5) Accordingly, it argues that as a Japanese company, it cannot be served by alternative means via mail or email and has the right to insist on service of process through compliance with the Hague Convention before it must answer this suit.

LegalTech Japan's arguments do not stop there. It further argues that because AOS Delaware is an "unrelated", "irrelevant third party" that was not involved in the licensing agreements and has been dissolved by AOS Japan, Document Operations should also not be permitted to serve AOS Delaware with process through alternative means either. (Dkt. 55 at p. 2) Contrary to LegalTech Japan's arguments, the affidavit provided by its corporate auditor does not state with certainty that neither AOS Delaware nor its parent company AOS Japan had any involvement in the facts of this lawsuit. Instead, it only states "*[t]o the best of my knowledge*, AOS Delaware was never involved in any of the

---

[4] The record does not contain any evidence regarding the officers and directors of the parent company AOS Japan or Sasaki's role in this company.

transactions relevant to performance of the License Agreement." (emphasis added) (Dkt. 55-9 at para. 6) Also, while this affidavit asserts that LegalTech Japan was "formerly known as AOS Legal Technologies, Inc" the corporate legal documents attached to its pleadings do not list the name "AOS Legal Technologies, Inc." *as either a former or present name "in English" for LegalTech Japan. Id.* Nor do these documents reflect that Sasaki was ever a "President" of LegalTech Japan, the capacity in which he signed the licensing agreements at issue. (Dkt. 55-9 at para. 1; Dkt. 55 at Ex. 7) Nevertheless, the extent of AOS Delaware's potential liability in this case and whether Document Operations will ultimately be able to pierce the corporate veil and obtain damages from other defendants are not material to the Court's consideration of whether to order substituted service.

The Court agrees that, generally, Japanese companies have the right to service of process through compliance with the Hague Convention before they must answer a suit in the United States. However, as courts have recently held, this right is far from absolute and whether the Hague convention must be followed to serve a Japanese company turns on the specific facts of the case and the specific language of the state long arm statute at issue. *See* Order Granting Plaintiff Terrestrial Comms LLC's Motion for Leave to Effect Alternative Service, *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-cv-00597-ADA (W.D. Tex. June 17, 2020) (ECF No. 24), 2020 WL 3270832; *In re Diisocyanates Antitrust Litigation*, Master Docket Misc. No. 18-1001, MDL No. 2862 (W.D. Pa. Sept. 17, 2019); *Peake v. Suzuki Motor*, No. 0:19-cv-00382-JMC (D.S.C. Nov. 4, 2019). The Court will address these issues with findings of fact and conclusions of law once the Court-ordered expedited discovery has been completed.

Meanwhile, the Court finds that LegalTech Japan's arguments regarding service on AOS Delaware are at best unmeritorious and, at worst, made in bad faith as part of an ongoing effort to thwart Document Operations' attempts to move this action forward.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

After carefully considering the evidence and arguments presented in the briefing regarding Document Operation's motions the Court makes the following findings of fact and conclusions of law necessary to resolve the motions based on a preponderance of the credible evidence:

1. AOS Delaware is a wholly owned subsidiary of AOS Japan. Sasaki is the Chief Executive Office of AOS Delaware. AOS Delaware was in fact doing business in the United States as a company organized under the laws of Delaware at all times relevant to the actions complained of in this action.

2. Fed. R. Civ. P. 4(h)(1)(A), provides: (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual See Fed. R. Civ. P. 4(h)(1).

3. Fed. R. Civ. P. 4(e)(1) provides that an "individual…may be served in a judicial district of the United States by: (1) following state law for serving a summons

    in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" Fed. R. Civ. P. 4(e)(1)

4. Texas' long-arm statute allows service of process to be effectuated on the Texas Secretary of State for a "nonresident" corporation in certain circumstances, "including when a nonresident engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, in any proceeding arising out of the business done in Texas to which the nonresident is a party. *Novak v. Lendr, LLC*, 592 S.W.3d 907, 912 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing Tex. Civ. P. & Rem. Code §17.044(b)). "A nonresident 'does business' in Texas if it, inter alia, 'contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part' in Texas or it 'commits a tort in whole or in part' in Texas." *Brigade Electronics (UK) Ltd. v. Dehaney*, No. 01-20-00044-CV, 2020 WL 7391709, at *4 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet. history) (citing Tex. Civ. Prac. & Rem. Code § 17.042).

5. This proceeding arises out of defendants' alleged breach of a contract with a Texas corporation (Document Operations) that was performed in whole or in part in Texas; and out of Defendants' alleged torts—namely, fraudulent inducement to contract, conversion, breach of fiduciary duty, and civil conspiracy—that it/they committed in whole or in part in Texas.

6. AOS Delaware was an active Delaware corporation and was located in at least one judicial district of the United States at the time that Document Operations

served it with process in compliance with the Texas long-arm statute through the Texas Secretary of State. *See* Fed. R. Civ. P. 4(h)(1); *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) ("When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf. A certificate like the one here from the Secretary of State *conclusively* establishes that process was served.") (citations omitted).

7. Accordingly, Document Operations has timely and properly served AOS Delaware with process in this action and is not required to comply with the Hague Convention to complete service of process on this defendant or obtain an order for alternative means of service.

8. Given Sasaki's undisputed knowledge of this lawsuit, leadership roles in both LegalTech Japan and AOS Delaware, his undisclosed role in AOS Japan, and the evidence of active attempts to thwart service of process on AOS Delaware the Court's findings do not offend the notions of due process.

### III. CONCLUSION

The Motion for Alternative/Substituted Service of Process on Defendants and the Motion to Extend the Deadline for Service of Process (Dkt. 48) are **DENIED AS MOOT** with respect to AOS Legal Technologies, Inc. This defendant has already been served and must answer this suit. The motion is **DENIED** with respect to Defendant LegalTech Japan, AOS Korea, AOS Holdings, and Legal Tech Co. Ltd. without

prejudice to being refiled following further discovery regarding, among other things the relationship between and country of incorporation of these defendants, the amount of control, if any, they assert over AOS Delaware and their involvement in the facts of this case. The motions also **DENIED** without prejudice to Document Operations amending its complaint to join the parent company of the named defendants, including AOS Japan, to this action and assert claims for alter ego.

The Court **ORDERS** the District Clerk to provide a copy of this order to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 20-20388.

SIGNED at Houston, Texas, this 7th day of January, 2021.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE